### Felix Herbert v. The State.

#### No. 2632.   Decided February 25, 1903.

**1.—Final Judgment.**

See opinion for proceedings copied in full from the record, which totally fail to show that final judgment was rendered in the lower court.

**2.—Same—Jurisdiction.**

Without a final judgment was rendered in the lower court, jurisdiction will not attach in the court on appeal.

**3.—Recognizance on Appeal.**

A recognizance on appeal which omits the names of the sureties is defective.

**4.—Same.**

A recognizance on appeal which fails to bind the appellant to abide the judgment on appeal "in this case," as required by the statute, is wholly insufficient.

Appeal from the County Court of Sherman.    Tried below before Hon. W. B. Slaughter, County Judge.

Attempted appeal from a conviction of gaming; penalty, a fine of $10. The opinion states the case fully upon the questions decided.

*W. T. Keith* and *S. T. Fagin,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The Assistant Attorney-General moves to dismiss the appeal because of the want of a final judgment. This entire document is as follows:

"File No. 5.    The State of Texas v. Felix Herbert.    Charged with playing cards in a house for retailing spirituous liquors.

"State and defendant both announced ready for trial.    Witnesses called.    J. T. Pylant, a State's witness in the case not answering, the court ordered that a fine of ten dollars be assessed against the said J. T. Pylant for contempt of court.    The witness later appearing, and offering a valid excuse for his absence, the said fine was ordered to be remitted.    A motion made and argued by defendant's attorneys to quash the indictment was overruled by the court.

"A jury of six qualified citizens was summoned by the sheriff and sworn by the court to well and truly try the case, as follows:    S. H. Vaughan, M. M. Wesley, D. J. Wilson, A. L. Foster, N. J. Green, W. W. Headrick.    The witnesses summoned in the case were sworn and placed under the rule.    The court ordered the clerk to assess a fine of $5 against Attorney Fagan for contempt of court.

"The several witnesses in the case having been examined before the jury, and the matters of fact, as well as law, having been submitted to the court and the jury, the jury retired for consideration of their verdict, and afterwards, returning into open court, announced the following in writing as the verdict upon which they all had agreed: 'We, the jury, find the defendant, Felix Herbert, guilty as charged, and assess against him a fine of ten dollars and costs.    S. H. Vaughan, Foreman.' Defendant's attorneys gave notice of appeal."

It would be useless to undertake to give the reasons why this is not a judgment.    It speaks for itself.    Without a final judgment, the jurisdiction of this court will not attach.

The recognizance is also defective, in that the names of the sureties are omitted; and it is not in the language, either in fact or substantially, as required by the statute.    It omits that portion of the prescribed form which requires appellant to abide the judgment of the Court of Criminal Appeals of the State of Texas "in this case," the latter clause being omitted.    The motion is sustained.

The appeal is dismissed.

*Appeal dismissed.*